# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKUSH KAPILA, | Case No. 1:24-cv-00914-SAB-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| MERRICK GARLAND, et al., | (ECF No. 2) |
| Respondents. | |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 8, 9, 11, 12.)

**I.**

**BACKGROUND**

Petitioner is a native and citizen of India who entered the United States as a lawful permanent resident in July 2010 when he was fifteen years old. (ECF No. 1 at 7.[1]) On October 27, 2014, Petitioner was convicted of assault likely to produce great bodily injury, and he received a nine-day county jail sentence and probation. On July 31, 2019, Petitioner was convicted of criminal threats, and he received a 288-day county jail sentence and probation. On June 22, 2022, Petitioner was sentenced to an imprisonment term of two years due to multiple probation violations. (Id.)

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1 U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner on October 31, 2022. (ECF No. 1 at 2, 7.) Removal proceedings were initiated, and Petitioner applied for deferral of removal under the United Nations Convention Against Torture. (Id. at 7.) On June 21, 2023, the Immigration Judge denied Petitioner's application for relief and ordered Petitioner removed. (ECF No. 1 at 7; ECF No. 1-6 at 2.) On October 27, 2023, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. (ECF No. 1 at 7–8; ECF No. 1-6 at 3.) Petitioner alleges that he is currently pursuing a petition for review of his removal order in the Ninth Circuit. (ECF No. 1 at 8.)

On August 7, 2024, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("motion for TRO"). (ECF Nos. 1, 2.) Petitioner asserts that his prolonged detention violates the Fifth and Eighth Amendments and requests a court order requiring Respondents to immediately release Petitioner from detention or provide Petitioner with a bond hearing before an immigration judge. On August 9, 2024, Respondents filed an opposition to the motion for TRO. (ECF No. 7.) To date, no reply to the opposition has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

Petitioner moves for a temporary restraining order ("TRO") "to enjoin Respondents from detaining him unlawfully" and requiring "Respondent to immediately release [Petitioner] from custody" or "to provide him with a bond hearing before a neutral decisionmaker." (ECF No. 2 at 1, 2.) In the opposition, Respondents argue that "Petitioner does not seek to maintain the status quo against irreparable injury, pending a determination on the merits. Instead, he seeks only to obtain, by means of a TRO, the ultimate relief he requests in this case. Such use of a TRO motion is improper[.]" (ECF No. 7 at 2.)

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

"A preliminary injunction can take two forms. A prohibitory injunction prohibits a party from taking action and 'preserve[s] the status quo pending a determination of the action on the merits.'" <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 878 (9th Cir. 2009) (alteration in original) (quoting <u>Chalk v. U.S. Dist. Court</u>, 840 F.2d 701, 704 (9th Cir. 1988)). "A mandatory injunction 'orders a responsible party to "take action."'" <u>Marlyn</u>, 571 F.3d at 879 (quoting <u>Meghrig v. KFC W., Inc.</u>, 516 U.S. 479, 484 (1996)). The standard for issuing a mandatory preliminary injunction is high." <u>Doe v. Snyder</u>, 28 F.4th 103, 111 (9th Cir. 2022). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" <u>Marlyn</u>, 571 F.3d at 879 (quoting <u>Anderson v. United States</u>, 612 F.2d 1112, 1114 (9th Cir. 1980)).

"The Ninth Circuit has expressed that a "mandatory injunction . . . 'is particularly disfavored,'" <u>Marlyn</u>, 571 F.3d at 879 (quoting <u>Martinez v. Mathews</u>, 544 F.2d 1233, 1243 (5th Cir.1976)), explaining:

> It is so well settled as not to require citation of authority that the usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits. The hearing is not to be transformed into a trial of the merits of the action upon affidavits, and it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial. This is particularly true where the relief afforded, rather than preserving the status quo, completely changes it.

<u>Tanner Motor Livery, Ltd. v. Avis, Inc.</u>, 316 F.2d 804, 808–09 (9th Cir. 1963). However,

> [t]he rules governing the relief that may be granted by preliminary injunction are not "hard and fast rules, to be rigidly applied to every case regardless of its peculiar facts," because "[t]he infinite variety of situations in which a court of equity may be called upon for interlocutory injunctive relief requires that the court have considerable discretion in fashioning such relief."

<u>Hernandez v. Sessions</u>, 872 F.3d 976, 999 (9th Cir. 2017) (second alteration in original) (quoting <u>Tanner</u>, 316 F.2d at 809). "Mandatory injunctions are most likely to be appropriate when 'the status quo . . . is exactly what will inflict the irreparable injury upon complainant.'" <u>Hernandez</u>,

872 F.3d at 999 (quoting Friends for All Children, Inc. v. Lockheed Aircraft Corp., 746 F.2d 816, 830 n.21 (D.C. Cir. 1984)). In fact, the Ninth Circuit has observed that "preliminary injunctions that require the government to conduct bond hearings in the immigration context . . . are standard in cases alleging unconstitutional detention." Hernandez, 872 F.3d at 999.

Although a mandatory preliminary injunction requiring the government to conduct an immigration bond hearing may be standard in cases alleging unconstitutional detention, the Court finds that Petitioner has not established that he is likely to succeed on the merits based on the limited record presently before the Court. This Court has previously held that "[t]o determine whether § 1226(c) detention has become unreasonable, the Court will look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." Lopez v. Garland, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). There is nothing in the record before this Court regarding the delays in the removal proceedings caused by Petitioner and the government. Additionally, although the petition and motion for TRO allege that Petitioner is currently challenging his removal in a petition for review before the Ninth Circuit, Petitioner has not alleged when such petition was filed and what events have taken place in the Ninth Circuit proceeding, which in turn may inform the Court on the likely duration of Petitioner's future detention.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that Petitioner's motion for a temporary restraining order (ECF No. 2) is DENIED.

IT IS SO ORDERED.

Dated: **September 12, 2024**

UNITED STATES MAGISTRATE JUDGE

4