# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANKUSH KAPILA,<br><br>   Petitioner,<br><br>   v.<br><br>RON MURRAY,[1]<br><br>   Respondent. | Case No. 1:24-cv-00914-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO TERMINATE IMPROPERLY NAMED RESPONDENTS AND CLOSE CASE<br><br>(ECF Nos. 1, 15) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 8, 9, 11, 12.)

## I.

## BACKGROUND

Petitioner is a native and citizen of India who entered the United States in July 2010 as a lawful permanent resident when he was fifteen years old. (ECF No. 1 at 7.[2]) On October 27, 2014, Petitioner was convicted of assault likely to produce great bodily injury and received a nine-day county jail sentence and probation. On July 31, 2019, Petitioner was convicted of

---

[1] "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). In the immigration detention context, the Ninth Circuit has held that "[u]nder Padilla, [Petitioner] must name his immediate custodian . . . as the respondent to his petition." Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024). Here, Ron Murray is Petitioner's custodian at the Mesa Verde Detention Center. (ECF No. 15 at 1 n.1.) Accordingly, the other named Respondents are terminated.

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

1  criminal threats and received a 288-day county jail sentence and probation. (ECF No. 1 at 7.) On
2  November 24, 2020, Petitioner was convicted of identity theft. (ECF No. 15 at 2.) On June 22,
3  2022, Petitioner was sentenced to two years in state prison for multiple probation violations.
4  (ECF No. 1 at 7.) Following release from state custody, on October 31, 2022, Petitioner was
5  detained by the Department of Homeland Security ("DHS"). (ECF No. 1 at 7; ECF No. 15 at 2.)

On June 21, 2023, an immigration judge denied Petitioner's application for relief and ordered Petitioner removed to India. (Id.) On October 27, 2023, the Board of Immigration Appeals dismissed the appeal. (Id. at 7–8.) On November 6, 2023, Petitioner filed a petition for review in the Ninth Circuit. (ECF No. 15 at 2.)

On August 7, 2024, Petitioner filed the instant petition for writ of habeas corpus and a motion for a temporary restraining order challenging his prolonged detention without a bond hearing. (ECF Nos. 1, 2.) On September 12, 2024, the Court denied Petitioner's motion for a temporary restraining order. (ECF No. 14.) On October 4, 2024, Respondent filed the instant motion to dismiss. (ECF No. 15.) To date, no opposition or statement of nonopposition has been filed, and the time for doing so has passed.

Meanwhile, on September 13, 2024, the Ninth Circuit denied the petition for review and denied the motion to stay removal as moot. Order, Kapila v. Garland, No. 23-3333 (9th Cir. Sept. 13, 2024), ECF No. 35.[3] On October 30, 2024, the petition for panel rehearing was denied. Order, Kapila, No. 23-3333 (9th Cir. Oct. 30, 2024), ECF No. 37. On November 7, 2024, the mandate issued. Mandate, Kapila, No. 23-3333 (9th Cir. Nov. 7, 2024), ECF No. 38.

**II.**

**DISCUSSION**

**A. Overview of Immigration Detention Statutes**

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Four statutes grant the Government

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The authority to detain certain noncitizens already in the country pending the outcome of removal proceedings is found in 8 U.S.C. §§ 1226(a) and 1226(c). At the time the instant petition was filed, Petitioner was detained pursuant to § 1226(c), which provides:

(1) Custody

The Attorney General shall take into custody any alien who--

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[1] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(2) Release

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c). The Ninth Circuit has held that "Subsection C applies throughout the administrative and judicial phases of removal proceedings as well." Avilez, 69 F.4th at 535.

1  "Section 1231(a) applies to detention after the entry of a final order of removal" and
2  "does not apply to detention during the pendency of administrative or judicial removal
3  proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully
4  present in the United States and a final order of removal has been entered, the Government
5  ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,'
6  during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682
7  (2001). Section 1231 governs detention during this ninety-day removal period, which begins on
8  the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,'
9  (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and
10 this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal
11 detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)). "A
12 special statute authorizes further detention if the Government fails to remove the alien during
13 those 90 days." Zadvydas, 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)).

14  In Zadvydas, two noncitizens, who had been ordered removed but whose removal could
15 not be effectuated due to lack of a repatriation treaty or because their designated countries
16 refused to accept them, challenged their prolonged detention under 8 U.S.C. § 1231(a)(6), which
17 governs detention beyond the ninety-day removal period. Applying the canon of constitutional
18 avoidance because a "statute permitting indefinite detention of an alien would raise a serious
19 constitutional problem," the Supreme Court "read an implicit limitation into" § 1231(a)(6) and
20 held that the statute "limits an alien's post-removal-period detention to a period reasonably
21 necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Thus,
22 "after a presumptively reasonable six-month period of post-removal period detention, the alien
23 was entitled to release if he successfully demonstrated that there was 'good reason to believe
24 there is no significant likelihood of removal in the reasonably foreseeable future.'" Prieto-
25 Romero, 534 F.3d at 1062 (quoting Zadvydas, 533 U.S. at 701).

26  **B. Respondent's Motion to Dismiss**

27  In the motion to dismiss, Respondent asserts that "Petitioner's instant claim under 8
28 U.S.C. § 1226(c) and 8 U.S.C. § 1225(b) is moot" because "following Ninth Circuit denial of

1  Kapila's petition for review of removal, 'petitioner's detention is no longer governed by 8 U.S.C.
2  § 1226(a) or (c), but by the mandatory 90-day detention set forth in 8 U.S.C. § 1231(a)(2).'"
3  (ECF No. 15 at 3 (quoting Ramirez-Lopez v. U.S. Immigr. & Customs Enf't Field Off. Dir., No.
4  2:23-cv-01577-DEG-TLF, 2024 WL 2702850, at *3 (W.D. Wash. Mar. 28, 2024)).)

5        Most appellate courts addressing this issue have held that a petition challenging detention
6  under 8 U.S.C. § 1226(c) is moot when the detention authority shifts to § 1231. Farah v. U.S.
7  Att'y Gen., 12 F.4th 1312, 1332–33 (11th Cir. 2021) ("As soon as we issue our final order
8  resolving his immigration petition, Farah's removal period will commence, and his detention will
9  be governed by section 1231(a). So he will no longer have a basis to challenge his detention
10 under section 1226(c)."); Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003) ("Accordingly,
11 there can be no doubt that Wang is *now* subject to detention under [INA] § 241 [8 U.S.C. § 1321]
12 . . . . To the extent that Wang previously may have had a cognizable due process argument under
13 [INA] § 236 [8 U.S.C. § 1226], that claim has been rendered moot."); Godfrey v. Ball, No. 23-
14 7104, 2024 WL 4471571, at *1 (2d Cir. Oct. 11, 2024) ("A due process challenge to detention
15 under § 1226 is rendered moot by judicial denial of a petition for review of a removal order
16 because that decision shifts detention authority to § 1231."); Kumar v. U.S. Dep't of Homeland
17 Sec., No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) ("Kumar's challenge to his
18 detention under § 1226 no longer presents an active controversy because . . . Kumar is now being
19 held pursuant to § 1231, and his appeal is moot."); Maldonado-Velasquez v. Moniz, No. 17-
20 1918, 2018 WL 11444979, at *1 (1st Cir. Mar. 22, 2018) ("Maldonado-Velasquez is no longer
21 being detained pursuant to the statute at the heart of his due process claim, 8 U.S.C. § 1226. The
22 shift in detention authority has rendered Maldonado-Velasquez's due process claim moot."
23 (citation omitted))). Contra Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006) (liberally
24 construing pro se pleading, petitioner "plainly articulated a constitutional challenge to the length
25 of his detention" and "did raise Zadvydas and § 1231 in his objections to the recommendations
26 of the magistrate judge, so the fact that § 1226(c) does not govern Andrade's detention does not
27 make his claim moot"); Doe v. Becerra, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023)
28 ("Respondents argue in part that Doe's petition is now moot in light of the change in the basis for

his detention. The Court need not address this line of argument other than to acknowledge that a live controversy exists because Doe remains detained and to note that the Court's conclusion in this case is based on the length of Doe's detention without a hearing, not the statutory basis for his detention." (citation omitted)).

Given that Petitioner is represented by counsel and does not oppose the motion to dismiss, in this instance the Court is inclined to follow what appears to be a majority of circuit courts that have addressed this issue. Accordingly, the Court finds that the petition is moot.

## III.
## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 15) is GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED as moot; and
3. The Clerk of Court is DIRECTED to:
    a. TERMINATE all named Respondents except Ron Murray; and
    b. CLOSE the CASE.

IT IS SO ORDERED.

Dated:  **December 12, 2024**

STANLEY A. BOONE
United States Magistrate Judge